**TELEVISION CABLE SERVICE, INC. d/b/a United Cable Television of Abilene, Appellants,**

v.

**Jack BRYANT, Appellee.**

**No. 11–84–035–CV.**

Court of Appeals of Texas, Eastland.

Dec. 20, 1984.

Glenn E. Heatherly, Rhodes, Doscher & Heatherly, Jonathan K. Graham, Abilene, for appellants.

Jack Bryant, Abilene, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from the granting of a mandatory injunction. Jack Bryant brought suit against Television Cable Service, Inc. d/b/a United Cable Television of Abilene, asking that Television Cable be required to extend cable television service to Bryant's home.

Texas law expressly gives home-rule cities the authority not only to grant franchises, TEX.REV.CIV.STAT.ANN. art. 1181 (Vernon 1963), but also TEX.REV. CIV.STAT.ANN. art. 1175, sec. 12 (Vernon 1963), authorizes cities:

To determine, fix and regulate the charges, fares or rates of any person, firm or corporation enjoying or that may enjoy the franchise or exercising any other public privilege in said city and to prescribe the kind of service to be furnished by such person, firm or corporation, and the manner in which it shall be rendered, and from time to time alter or change such rules, regulations and compensation....

The Abilene City Council adopted an ordinance in 1964 granting a nonexclusive television cable franchise to Television Cable. The caption of such ordinance states:

An ordinance of the City of Abilene, Texas, granting a right, privilege and franchise to the TV Cable Service of Abilene, Inc. for the purpose of distributing audio and video signals to its subscribers in the City of Abilene, Texas, in, over, under and across the present and future streets, highways, alleys, bridges, public ways and other public places in the City of Abilene; establishing a term of twenty-five (25) years and providing said franchise shall not be exclusive; providing for supervision under the director of public works; providing for protection of surfaces of streets, highways, alleys, bridges, public ways and other public places, and protection of persons and property from danger during construction and operation; providing for relocation of equipment and removal of obstructing trees; providing for furnishing or reasonable service except in cases of emergency; providing for furnishing the City Manager certain written instruments; reserving the right of the City Council to fix and regulate charges, kind of service and manner in which it shall be rendered; providing limitations upon services furnished by cable company which conflict with local television stations and theaters; providing for compensation to

the City of Abilene from annual gross receipts and method of payment of same; providing for a bond; providing for an indemnity agreement and liability insurance; providing for forfeiture in case of default, and removal of equipment; providing for assignment of interest; providing for commencement of service and forfeiture for failure to provide service; providing for compliance with Federal, State, County and City laws; providing for form of acceptance of franchise; and calling a public hearing.

Section 7 of the franchise provides in pertinent part:

*TYPE OF SERVICE.* That the Cable Company agrees to furnish prompt and reasonable service to any person, firm or corporation within the City, upon request. . . .

Section 9, as subsequently amended, states in pertinent part:

*RESERVATION OF CONTROL.* That Cable Company agrees to furnish any information the City may request to aid it in making its determination regarding fair and just rates and/or charges to be charged subscribers. . . . The City reserves the right to determine and fix charges and fares and to regulate the kind of service to be rendered, provided, however, that the City shall not exercise this power in such manner as to deprive the Cable Company of a fair return on its investment or interfere with the quality of expansion of the service to be provided by Cable Company.

Section 14 provides:

*FORFEITURE PROVISION.* That in case the Cable Company shall default in any of the conditions or provisions of this franchise ordinance, the City Manager shall notify the local agent, as provided, of said Cable Company by certified mail, and if said default is not removed within thirty (30) days after mailing of this notice, the City may declare this franchise ordinance forfeited and null and void, and it shall thereupon be automatically terminated without further notice or action on its part. . . .

Bryant lives approximately 4.2 miles beyond the existing cable system. His home is in the Lake Fort Phantom Hill area which is sparsely populated but which is within the corporate city limits. He resided there at the time the City Council granted the franchise in 1964. That area was a part of the city at the time the franchises were granted. Bryant and his wife requested Television Cable in 1981 to extend service to them, which the company refused to do based upon economic grounds. Bryant brought suit soon thereafter, alleging that he was entitled to the extension of service under Section 7 of the franchise ordinance. Following a nonjury trial, the court granted the requested mandatory injunction requiring Television Cable to extend service within six months from the date of judgment. Following the rendering of judgment, the City of Abilene filed a petition in intervention, claiming that it was an indispensable party to the interpretation of the franchise. The petition in intervention requested that the judgment be withdrawn and that Bryant be required to first present his request to the City Council, or that the City be allowed to participate as a party and present evidence. The court entered an order striking the City's intervention. Television Cable appeals. The City of Abilene has filed an amicus curiae brief supporting Television Cable.

In the first point of error, appellant and the amicus assert that the court erred in granting judgment in Bryant's favor without requiring him to exhaust his administrative remedies, thus denying the primary jurisdiction of the Abilene City Council. The doctrines of exhaustion of remedies and primary jurisdiction would require that before proceeding through the court system, Bryant should initially present his grievance to the City Council to enable the local governing body to apply its expertise to best serve the needs of the citizens at large. *Gregg v. Delhi-Taylor Oil Corp.,* 162 Tex. 26, 344 S.W.2d 411 (1961).

The doctrine of primary jurisdiction is applicable where there arises a question

of jurisdiction as between a court and an agency. As described by the court in *D & S Investments, Inc. v. Mouer*, 521 S.W.2d 118 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.):

> Primary jurisdiction is the principle which determines whether the court or the agency should make the initial decision.... The doctrine of primary jurisdiction is sometimes confused with, but is distinguishable from, the concepts of exhaustion of administrative remedies and ripeness. Exhaustion and ripeness determine at what stage a party may secure a review of administrative action. See University of Texas, Davis, "Administrative Law Doctrines," 28 Texas L.Rev. 376, 400 (1950). The purpose of the precept of primary jurisdiction is to assure that the administrative agency will not be bypassed in a matter which has been especially committed to it by the legislature. See *Foree v. Crown Central Petroleum Corporation*, 431 S.W.2d 312 (Tex.1968).

The court in *Foree v. Crown Central Petroleum Corporation*, 431 S.W.2d 312 (Tex.1968) in its discussion of the doctrine of primary jurisdiction cited the following passage from DAVIS ADMINISTRATIVE LAW Sec. 19.07 (Hornbook Series 1950), at page 352:

> The theory seems reasonably clear that the test for applying the principle of primary jurisdiction is not whether some parts of the case are within the exclusive jurisdiction of the courts but whether some parts of the case are within the exclusive jurisdiction of the agency. Because the purpose of the doctrine is to assure that the agency will not be bypassed on what is especially committed to it, and because resort to the courts is still open after the agency has acted, the doctrine applies even if the agency has no jurisdiction to grant the relief sought....

■ Our Supreme Court has recognized exceptions to the primary jurisdiction doctrine: (1) where the issue is one inherently judicial in nature; (2) when the administrative agency is powerless to grant the relief sought and has no authority to make incidental findings which are essential to the granting of relief. *Foree v. Crown Central Petroleum Corporation*, supra; and (3) intervention by the court in administrative proceedings may be permissible when an agency is exercising authority beyond its statutorily conferred powers. *Westheimer Independent School District v. Brockette*, 567 S.W.2d 780 (Tex.1978).

■ A careful analysis of Bryant's pleading reflects that he alleges a franchise complaint. It concerns the alleged failure of performance on the part of the franchise holder. Such complaint is not inherently judicial in nature. The Abilene City Council is not powerless to act, nor would the council be exercising authority beyond its statutorially conferred powers. We hold that the city has primary jurisdiction to determine the merits of such a complaint and that the trial court's injunction interfered with the primary jurisdiction of the Abilene City Council.

The judgment of the trial court is reversed, and the injunction is dissolved.