**HUNTSVILLE MEMORIAL HOSPITAL, Relator,**

v.

**Hon. Erwin G. ERNST, Judge, 278th District Court, Walker County, Respondent.**

No. C14–88–033–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1988.

Edward M. Schulze, Jr., Huntsville, for relator.

Phillip T. Bruns, Houston, for respondent.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

In this mandamus proceeding, relator Huntsville Memorial Hospital asks this court to direct the Honorable Erwin G. Ernst, Judge of the 278th District Court of Walker County, to vacate in part and re- form his order granting a bill of discovery. We conditionally grant the writ of mandamus.

Huntsville Memorial Hospital is a private, non-profit corporation that operates an acute care hospital in Huntsville, Texas. The corporation leases the facilities (the grounds and the building) from the Walker County Hospital District. Dr. Thomas C. Cole, Jr., the real party in interest, is a physician who has held staff privileges at the hospital for fourteen years. In June 1987 the Executive Committee of the hospital notified Dr. Cole by letter that he would not be reappointed to the medical staff in 1987. Dr. Cole filed suit for injunctive relief and damages against the hospital and the Executive Committee in August; however, the Executive Committee later withdrew its letter.

In October 1987 Dr. Cole applied for reappointment for 1988 and was notified by letter of November 12 that the Executive Committee would recommend that his staff privileges not be renewed. Dr. Cole requested a hearing as provided by the medical staff bylaws and also filed a notice in the pending suit of his intent to depose Dr. William L. Nix. The hospital responded with a motion for protective order, a plea in abatement and a plea to the jurisdiction. Dr. Cole then filed an amended original petition and bill of discovery. Specifically, Dr. Cole stated that the hospital bylaws governing hearings do not expressly provide discovery beyond the general requirement that records be made available and, furthermore, that the hospital had not fulfilled that obligation in good faith. He asked, therefore, that all members of the Executive Committee be required to make themselves available for deposition prior to the hearing and that the hospital be ordered to make its medical records available to him in the medical records room during reasonable hours.

On January 4, 1988, Judge Ernst, the respondent, held a hearing and on January 5, 1988, ruled as follows:

the hospital's plea to the jurisdiction was denied;

the cause was abated pending the exhaustion of the administrative remedies and proceedings provided in the hospital's by-laws, except as to Dr. Cole's right to conduct depositions;

the bill of discovery was granted and the court ordered that Dr. Cole have the right to conduct sworn depositions as would be permitted under Section 14 of the Administrative Procedure and Texas Register Act if the proceeding were governed by that Act;

the hospital's motion for protective order was granted in part and denied in part. Specifically, the court found that the records of any peer review committee or organization and communications to same otherwise privileged under the Medical Practice Act are not privileged against discovery by Dr. Cole insofar as they relate to the allegations against him and the Executive Committee's recommendation that he not be reappointed, and Dr. Cole is entitled to discovery of the information insofar as it relates to the proceedings against him.

The hospital then applied to this court for temporary relief and filed a petition for writ of mandamus. We granted temporary relief in the form of an order staying all discovery, including the taking of depositions, until final decision on the petition for writ of mandamus. We now address the hospital's request that we direct Judge Ernst to vacate in part and reform his order so as to abate the bill of discovery, deny Dr. Cole the right to depose witnesses under the Administrative Procedure Act and deny him the right to discover information privileged from discovery under the Texas Medical Practice Act.

■ Mandamus will issue only to correct trial court actions when there has been an abuse of discretion and when there is no adequate remedy by appeal. *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987). In this instance, the hospital argues that the trial court abused its discretion by extending the discovery mechanisms afforded by the Texas Rules of Civil Procedure to a

hospital administrative proceeding. The hospital further argues that it has no adequate remedy by appeal. Unless the order is vacated and reformed as requested, Dr. Cole will proceed with depositions, and both the hospital and the witnesses will be forced to bear the expense and the disruption of the administrative process incident to depositions.

The hospital first argues that the trial court's order allows depositions to be taken under Section 14 of the Administrative Procedure and Texas Register Act, TEX.REV. CIV.STAT.ANN. art. 6252–13a (Vernon Supp. 1989), in a proceeding that is not subject to the Act. No one asserts that the Act is applicable, however, and the trial court appears to have relied on it only by way of analogy. We thus turn to the hospital's second argument, which actually encompasses several points.

The hospital argues that the order permits Dr. Cole's bill of discovery to be maintained prior to the exhaustion of his administrative remedies under the medical staff bylaws. The bylaws provide for a hearing before an ad hoc committee of the medical staff and appellate review by the board of trustees. The hospital further argues that the order contravenes the Medical Practice Act, TEX.REV.CIV.STAT.ANN. art. 4495b (Vernon Supp.1988), which concerns the regulation of those licensed to practice medicine, and that by allowing Dr. Cole to maintain a bill of discovery in connection with an administrative proceeding, the court has improperly extended its equitable jurisdiction. Finally, the hospital contends that the right to pre-hearing depositions is not a procedural due process right in the administrative hearing context.

■ Dr. Cole agrees with the general proposition that the courts should ordinarily abstain from controversies pending resolution before the appropriate administrative agency. However, he notes there are exceptions to this rule. For example, where there is no adequate administrative procedure available, the exhaustion doctrine does not apply. *Camenisch v. Univ-*

*ersity of Texas,* 616 F.2d 127, 134 (5th Cir.1980), *vacated on other grounds,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Dr. Cole argues that such is the case here: exhaustion of remedies should not be required where the procedures themselves, such as the failure to provide discovery, are the matter about which the plaintiff complains.

We disagree. *Camenisch* spoke to a situation in which HEW regulations contained no provision for the emergency relief sought. Here, adequate administrative procedures are available under Article VIII (Hearing and Appellate Review) of the medical staff bylaws and the hearing procedure that supplements those bylaws. Dr. Cole agreed to abide by those bylaws when he accepted his appointment. Furthermore, discovery is provided to the degree required by procedural due process and thus far mandated by the courts.

■ Given a hospital's responsibility to provide competent medical care, courts traditionally have been reluctant to interfere in hospital administrative proceedings. Instead, they have limited their role to ensuring that judgments concerning the medical competence of hospital staff were supported by substantial evidence and were made using proper criteria, after a satisfactory hearing, on a rational, non-discriminatory basis. *Woodbury v. McKinnon,* 447 F.2d 839, 846 (5th Cir.1971). Also, we note that while administrative proceedings must meet the requirements of due process, the strict rules applicable to courts of law do not apply to administrative agencies. *Murphy v. Rowland,* 609 S.W.2d 292, 296 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

■ Due process mandates notice, hearing and an impartial trier of facts. *Martinez v. Texas State Board of Medical Examiners,* 476 S.W.2d 400, 405 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.), *appeal dismissed,* 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1972). In addition, prior to the hearing, the physician should be allowed to review all pertinent and available documents upon which the hospital will rely. He is also entitled to know who will participate as decision makers on behalf of the hospital at both the hearing and appellate stages, what witnesses will appear, and what documents will be offered into evidence. However, to date, the physician has not been entitled to other forms of discovery such as interrogatories or depositions. Bailey & Bell, *Procedural Due Process Requirements in Hospital Medical Staff Decisions,* 49 Tex.B.J. 981, 982 (1986).

Dr. Cole asserts that a citizen's procedural due process rights are subject to no hard and fast rules and that discovery must be granted when a refusal to do so would so prejudice one as to deny him due process. He thus argues for an equitable extension of discovery in this case pursuant to Rule 737. He states that bills of discovery have been broadly and flexibly utilized and that one need only show a reasonable basis for a belief that a cause of action exists in his favor. He points out that the Administrative Procedure and Texas Register Act provides for depositions, which suggests that the Texas legislature has regarded pretrial discovery and particularly pretrial depositions as essential in the administrative context.

Once again, we disagree. The hearing at issue is essentially a preliminary proceeding where Dr. Cole will have the right to be represented by counsel and to call, examine and cross-examine witnesses. In light of these protections, we do not see how refusing him the opportunity to take depositions will be so prejudicial as to deny him due process.

There is no real need for equitable relief in the ordinary case until a final administrative determination has been made. *Texas State Board of Examiners in Optometry v. Carp,* 162 Tex. 1, 343 S.W.2d 242, 246 (1961). We are not persuaded that this is other than an ordinary case. The extension of equitable relief via Rule 737 is thus unwarranted and is an abuse of discretion

on the part of the trial court. We therefore conditionally grant the writ of mandamus. We are confident that the court will vacate in part and reform the order dated January 5, 1988, so as to abate Dr. Cole's bill of discovery, so as to deny Dr. Cole the right to depose witnesses and so as to deny Dr. Cole the right to discover information privileged from discovery under the Texas Medical Practice Act.