### In re LUBY'S CAFETERIAS, INC., Relator.

No. 14–98–01030–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1998.

Michael L. Holland, San Antonio, David M. Gunn, Houston, for relator.

Michael J. Hengst, B.J. Walter, Jr., Houston, for respondent.

Before Justices SEARS, CANNON and DRAUGHN.*

## OPINION

BILL CANNON, Justice (Assigned).

This mandamus proceeding arises out of a negligence suit filed by Elizabeth Gaetjen ("Gaetjen") against her employer, Luby's Cafeterias, Inc. ("Luby's"), after Gaetjen was sexually assaulted in the workplace by a fellow employee. The relator, Luby's, contends the trial court abused its discretion by refusing to abate the negligence trial until the Texas Workers' Compensation Commission decides whether Gaetjen, the real party in interest, sustained a compensable injury. *See generally* TEX. LAB.CODE ANN. Ch.402 (Vernon 1996). We agree and conditionally grant mandamus relief.

## BACKGROUND

In April 1995, Gaetjen, who is mildly retarded, was employed as a bus person at a Luby's Cafeteria in Houston, Texas. At that time, Gaetjen was sexually assaulted over the course of three days by a fellow employee, Antonio Aguirre. Following the incidents, Gaetjen filed a complaint with the Houston Police Department and a workers' compensation claim. On May 15, 1995, Luby's workers' compensation carrier, TIG Premier Insurance Company ("TIG"), denied the claim on the ground that Gaetjen did not sustain a compensable injury. Gaetjen did not seek review of this determination. *See* TEX. LAB. CODE ANN. Ch. 410 (Vernon 1996). In August 1996, Aguirre was convicted of sexually

---

\* Senior Justices Ross A. Sears, Bill Cannon and Joe L. Draughn sitting by assignment.

assaulting Gaetjen and sentenced to five years in the Texas Penitentiary.

In April 1997, almost two years after the incident, Gaetjen filed the underlying negligence suit against Luby's. On December 10, 1997, after discovery revealed information about Aguirre's past criminal record and after urging by Luby's counsel, TIG reopened Gaetjen's claim. The parties proceeded to a benefit review conference and then a contested case hearing. *See* TEX. LAB.CODE ANN. §§ 410.021, 410.024, 410.151 (Vernon 1996). On June 21, 1998, the hearing officer found Gaetjen sustained a compensable injury and ordered TIG to pay benefits. On July 7, 1998, Gaetjen appealed this ruling. *See* TEX. LAB.CODE ANN. § 410.202 (Vernon 1996). Ten days later, Luby's requested an abatement of the September 8, 1998 trial, pending a final decision by the Commission. Luby's did not obtain a ruling on its motion.

On August 21, 1998, the appeals panel reversed the hearing officer's decision and remanded the case for a determination of whether the assaults were motivated by personal reasons and not directed to Gaetjen as an employee or because of her employment. *See id.* § 406.032(1)(C). On August 27, 1998, Luby's again requested an abatement of the trial pending a final decision by the Commission. On September 4, 1998, the trial court denied Luby's motion and retained the case on its trial docket. On September 10, 1998, Luby's filed this mandamus proceeding. Since the filing of Luby's petition, the hearing officer has determined on remand that Gaetjen's injury is compensable. At oral argument, Gaetjen's counsel acknowledged there will be an appeal of the hearing officer's decision.

## ANALYSIS

■■■ Mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, either in resolving factual issues or in determining legal issues, when there is no other adequate remedy by law. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). Generally, appellate courts lack jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *See Abor v. Black,* 695 S.W.2d 564, 566 (Tex.1985). The refusal to abate is such an incidental ruling for which there is an adequate remedy by appeal. *See id.* at 567; *Coastal Oil & Gas Corp. v.. Flores,* 908 S.W.2d 517, 518 (Tex. App.—San Antonio 1995, orig. proceeding) (opinion on motion for leave). There are limited exceptions to this rule such as when one court interferes with the jurisdiction of another court or when a party seeks to enforce mandatory statutory rights. *See Hall v. Lawlis,* 907 S.W.2d 493, 495 (Tex.1995); *see also In re Kimball Hill Homes Texas, Inc.,* 969 S.W.2d 522, 524–25 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding) (and the cases cited therein). None of these exceptions are applicable here.[1]

■ Relying on *Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656 (Tex.1996), Luby's contends it is entitled to mandamus relief. In *Mantas,* the plaintiff obtained a judgment against the defendant in a commercial dispute and the defendant appealed. 925 S.W.2d at 657. The court of appeals ordered the parties to mediation, where they reached and signed a settlement agreement. *Id.* at 657–58. Before the settlement documents were filed with the court of appeals, the plaintiff withdrew his consent. *Id.* at 658. The defendant moved to enforce the settle-

---

1. Relying on two cases from this Court, Luby's asserts that mandamus relief is appropriate here to preserve the structure of the statutory process. *See Kimball Homes,* 969 S.W.2d at 525; *see also Huntsville Mem'l Hosp. v. Ernst,* 763 S.W.2d 856 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding). Mandamus will lie when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *See Abor,* 695 S.W.2d at 567. In *Kimball Homes,* we granted mandamus to abate the case in order to enforce a statutory notice provision *See Kimball Homes,* 969 S.W.2d at 525. Here, there is no statutory right to an abatement. In *Huntsville Mem'l Hosp.,* we granted mandamus to abate a court order allowing discovery in an administrative proceeding. *See Huntsville Mem'l Hosp.,* 763 S.W.2d at 858–59. That case does not involve enforcement of a mandatory statutory provision, but direct intervention by the court in an administrative proceeding. Here, Luby's does not seek relief from court-ordered intervention in the Commission proceeding.

ment, but the court of appeals denied the motion. *Id.* Consequently the defendant filed a separate suit in the district court to enforce the settlement agreement. *Id.* The defendant then requested abatement of the appeal pending resolution of his enforcement suit. *Id.* When the court of appeals denied abatement, the defendant sought a writ of mandamus in the supreme court. *Id.*

The supreme court held that the defendant was entitled to mandamus relief, concluding that "it makes no sense for the court of appeals to expend its resources and require the parties to expend theirs on an appeal which may be moot." *Id.* at 659. The court also concluded that "a ruling on the merits of the appeal before judgment is rendered in the enforcement suit would inject needless uncertainty and confusion into the issues surrounding the settlement." *Id.* Finally, the court determined that the defendant lacked an adequate remedy by appeal because "if the agreement is upheld, [he] will have lost much of the settlement's benefit if he has been required to expend time and resources in prosecuting the appeal."

We believe the reasoning in *Mantas* is equally applicable here. Claiming that Gaetjen has sustained a compensable injury, Luby's has asserted the exclusive remedy defense to Gaetjen's negligence claim. *See* TEX. LAB.CODE ANN. § 408.001(a) (Vernon 1996) ("recovery of workers compensation benefits is the exclusive remedy of an employee covered by workers' compensation coverage"). Hence, a jury would have to first decide the compensability issue before it could consider the negligence issue. Whether Gaetjen's injury is compensable, however, is a matter within the primary jurisdiction of the Commission.

 "Primary jurisdiction is a judicially created doctrine of abstention, whereby a court that has jurisdiction over a matter nonetheless defers to an administrative agen-

cy for an initial decision on questions of fact or law within the peculiar competence of the agency." *See State Bar v. McGee*, 972 S.W.2d 770, 772 (Tex.App.—Corpus Christi 1998, no writ) (quoting 2 TEX. JUR. 3d Administrative Law § 78 (1995)). The purpose behind primary jurisdiction is to assure that the administrative agency will not be bypassed in a matter which has been especially committed to it by the legislature. *See American Pawn and Jewelry, Inc. v. Kayal*, 923 S.W.2d 670, 673 (Tex.App.—Corpus Christi 1996, writ denied). Where the legislature has committed a matter to an agency, the agency's primary jurisdiction is exclusive. *See id.* at 674 ( citing *Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312, 317 (Tex. 1968)). In other words, "a court does not have jurisdiction to determine administrative questions or to adjudicate controversies involving them until they have been determined by the appropriate administrative agency." *See Lens Express, Inc. v. Ewald*, 907 S.W.2d 64, 71 (Tex.App.—Austin 1995, no writ) (quoting *Kavanaugh v. Underwriters Life Ins. Co.*, 231 S.W.2d 753, 755 (Tex.Civ. App.—Waco 1950, writ ref'd)).[2]

Accordingly, it would be pointless for the court and parties in the underlying suit to expend their resources on a trial until the Commission first decides the compensability issue. Gaetjen argues that the court and the parties have already expended substantial resources in discovery. That discovery will not be for naught. Luby's is requesting an abatement of the trial only until the Commission makes a final decision. It is not requesting an abatement until a *de novo* appeal is decided by a district court. *See* TEX. LAB.CODE ANN. § 410.251 (Vernon 1998). Thus, any such appeal of the Commission's decision on the compensability issue can be consolidated with the underlying lawsuit and the discovery that has occurred to date can be used in that suit.

**2.** There is an exception to primary jurisdiction when an agency is exercising authority beyond its statutorily conferred powers. *Television Cable Service, Inc. v. Bryant*, 684 S.W.2d 196, 199 (Tex.App.—Eastland 1984, no writ). Gaetjen argues this exception applies here because the carrier violated section 409.021(d) of the Labor Code, which prohibits a carrier from reopening

the issue of compensability of an injury unless there is a finding of evidence that could not reasonably have been discovered earlier. *S ee* TEX. LAB CODE ANN. § 409.021(d) (Vernon 1996). Whether the carrier violated section 409.021(d), however, is a matter within the primary jurisdiction of the Commission and not an exception to primary jurisdiction.

Furthermore, a judgment rendered in the underlying negligence suit before a final decision by the Commission, "would inject needless uncertainty and confusion into the issues." There potentially could be a judgment awarding Gaetjen damages and a final agency decision awarding her workers' compensation benefits. The effect of the trial court's judgment on a *de novo* appeal is unclear. Undoubtedly, subjecting the workers' compensation subscriber to a negligence trial and a potential judgment before the Commission decides whether the employee's injury is compensable will inject needless uncertainty and confusion into the issues surrounding both proceedings. Gaetjen argues there will be no confusion of issues because Luby's is not a party to the Commission proceedings. This ignores the fact that the compensation carrier is acting on Luby's behalf in those proceedings, which involve some of the same issues, facts and witnesses as the underlying trial.

■ Because the compensability of Gaetjen's injury is clearly an issue within the exclusive primary jurisdiction of the Commission, the trial court had no choice but to abate the negligence trial pending a final decision by the Commission. The court's failure to do so was a misapplication of the law and an abuse of discretion. *See Walker*, 827 S.W.2d at 840. Furthermore, Luby's lacks an adequate remedy by appeal. The Workers' Compensation Act is contractual in nature. *See Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex.1988). The carrier agrees to compensate the employee for injuries sustained in the course of employment and the employee agrees to relinquish his common law rights against the employer. *See id.* The Legislature's aim is to assure the injured employee that he will be fairly and reasonably compensated for his injuries while saving the employer the time, expense and uncertainty of litigation. Luby's will forever lose the benefit of that bargain if forced to trial and then the Commission subsequently decides Gaetjen's claim is compensable. *Cf. Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272–73 (Tex.1992) (holding that a party who is erroneously deprived of the benefits of an arbitration contract under the Federal Arbitration Act is

without adequate remedy by appeal and entitled to mandamus relief). Such a result would nullify the very purpose of the Workers' Compensation Act. *Cf. In Re Bruce Terminix Co.*, 41. Tex. Sup.Ct. J. 941 (June 5, 1998) (there is no adequate remedy by appeal for denial of the right to arbitration because the very purpose of arbitration is to avoid the time and expense of trial and appeal).

■ Gaetjen argues that mandamus relief is improper because she filed her lawsuit before the commencement of Commission proceedings and therefore, the trial court has dominant jurisdiction over the Commission. Under the principle of dominant jurisdiction, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of *other coordinate courts*. *See Clawson v. Millard*, 934 S.W.2d 899, 900 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (emphasis added). Because the principle of dominant jurisdiction applies to courts of coordinate power, it does not apply when one of the two pending proceedings is an agency proceeding. *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex.1995) (applying dominant jurisdiction on the appellate level).

■ Finally, Gaetjen argues there was no abuse of discretion because Luby's did not timely seek abatement. A party must raise a plea in abatement in a timely manner or it is waived. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see also Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex.App.—Austin 1994, writ denied). Courts may examine the equities of the situation in deciding whether the plea is timely filed. *See Howell*, 899 S.W.2d at 698. At oral argument, Gaetjen's counsel suggested that Luby's should have sought abatement when it answered the lawsuit and asserted the exclusive remedy defense. At that time, it made no sense to seek an abatement because TIG had closed its file and Gaetjen's claim was not pending before the Commission. Moreover, we note that it was Gaetjen who did not seek review of TIG's denial and then waited almost two years to file suit. The fact that Luby's participated in discov-

ery was of necessity to defend itself, not a waiver.

 Although TIG reopened Gaetjen's claim at Luby's urging in December 1997, it was not until Gaetjen appealed the hearing officer's finding of compensability six months later, that Luby's realized Gaetjen did not want compensation and that the Commission proceedings would possibly continue into the trial. While Luby's promptly requested an abatement, it did not obtain a ruling, but instead waited more than a month to file its second request and secure a ruling. Gaetjen makes much of the fact that Luby's first request was days before the first trial setting. The court, however, had already reset the trial for September 1998 when Luby's made its request. Although Luby's second request was within days of the second trial date, the request was a timely response to the decision of the appeals panel to remand the case for another contested case hearing. Under the circumstances, we do not believe that the delay in this case amounts to waiver.

Because the trial court abused its discretion by refusing to abate the trial until the Commission makes its final decision, Luby's is entitled to mandamus relief. Accordingly, the trial court should vacate is September 4, 1998 order denying abatement and enter the appropriate order. Writ will issue if the trial court fails to comply.