In re ARAMARK CORPORATION, Aramark Educational Resources, Reliance National Indemnity Company and Alexsis, Inc.

No. 12–00–00379–CV.

Court of Appeals of Texas, Tyler.

Feb. 28, 2001.

**292**

Clay Wilder, Henderson, for real parties in interest Victoria Holmes.

John Fundis, A. Michelle May, Timothy Stanford, Dallas, for relator Aramard Corp.

Delno Grosenheider, Austin, for relator, Alexsis, Inc.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

DAVIS, Chief Justice.

Relators, Aramark Corporation, Aramark Educational Resources, Reliance National Indemnity Company, and Alexis, Inc., bring this petition for writ of mandamus complaining of the trial court's denial of their pleas[1] to the jurisdiction. For the reasons stated below, we deny the petition for writ of mandamus.

## BACKGROUND

According to Plaintiff Victoria Holmes' ("Holmes") Original Petition[2] in the underlying lawsuit, Holmes was employed by Children's World Learning Center. Relators had issued a workers' compensation insurance policy to her employer. Holmes sustained a job-related injury entitling her to workers' compensation coverage.[3] Following back surgery necessitated by the injury, Holmes' medical provider recommended that she be provided a walker to assist in her rehabilitation. Holmes contended that Relators failed to provide the walker, causing her to fall resulting in additional injuries and complications, including subsequent surgeries.[4] Holmes alleged that Relators' failure to provide the walker constituted a breach of their contractual obligations under the workers' compensation policy. In her petition, Holmes sought damages for physical pain, impairment, past and future mental anguish and suffering, past and future medical expenses, lost earnings and loss of earning capacity in the future.

Relators filed pleas to the jurisdiction arguing that the trial court did not have jurisdiction over Holmes' lawsuit because she had not exhausted her administrative remedies under the Texas Workers' Compensation Act ("the Act"). At the hearing on Relators' pleas, Holmes' attorney conceded that administrative remedies for the denial of the walker had not been exhausted. He suggested that the court abate the case until a ruling from the Texas Workers' Compensation Commission could be obtained. Relators, however, informed the trial court that they did not want an abatement. Rather, they wanted the case to proceed or be dismissed. After taking the matter under advisement, the trial court denied Relators' pleas to the jurisdiction. In their petition for writ of mandamus,

---

1. In the trial court, Aramark Corporation, Aramark Educational Resources, and Reliance National Indemnity Company filed a separate plea to the jurisdiction, while Alexis, Inc. filed its own plea to the jurisdiction. In this mandamus proceeding, we granted Alexis, Inc.'s request to be included as a relator in one petition for writ of mandamus.

2. The petition was filed on June 28, 2000.

3. At oral argument, counsel for Aramark contended that this injury occurred in April of 1995, which was disputed by Holmes' counsel.

4. The record reflects that in a discovery response, Holmes stated that the fall occurred on or about May 6, 1997. However, in another discovery response, Holmes admitted that her attorney sent a letter to Aramark stating that the fall occurred on or about May 6, 1996.

Relators ask this Court to grant a writ of mandamus directing the trial judge to (1) vacate his order denying the pleas to the jurisdiction, (2) grant the pleas to the jurisdiction, and (3) enter an order dismissing the cause.

### ANALYSIS

 Mandamus is "an extraordinary remedy, available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A writ of mandamus will issue only if (1) the trial court violates a duty imposed by law or clearly abuses its discretion, and (2) there is no other adequate remedy by law, such as an appeal. *Walker*, 827 S.W.2d at 839; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). The general rule is that appellate courts lack jurisdiction to issue writs of mandamus to correct incidental rulings, such as pleas to the jurisdiction, because there is an adequate remedy by appeal. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990). In certain cases, the Texas Supreme Court has carved out an exception where extraordinary circumstances make an appeal inadequate. *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex.1996) (mandamus relief appropriate to order granting of plea to the jurisdiction because process of trying intentional infliction of emotional distress claim would necessarily entail unconstitutional inquiry into truth or falsity of relator's religious beliefs); *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987) (mandamus relief appropriate to direct transfer of child support case because justice demands speedy resolution of such cases); *see also Braden v. Marquez*, 950 S.W.2d 191, 195 (Tex.App.—El Paso, orig. proceeding).

 Relying on *In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813 (Tex.App.—Houston [14th Dist.], orig. proceeding), Relators argue that they lack an adequate remedy by appeal. However, rather than involving a plea to the jurisdiction, *Luby's* concerned the trial court's denial of the relator's request for an abatement of the trial proceedings pending a final decision from the Texas Workers' Compensation Commission. *Id.* at 815. In that situation, the Fourteenth Court of Appeals concluded that mandamus relief was appropriate to vacate the trial court's order denying abatement. *Id.* at 817. Because, unlike the instant case, *In re Luby's* did not involve a plea to the jurisdiction, we cannot conclude that it compels us to create an additional exception to the general rule that the denial of a plea to the jurisdiction can be adequately remedied by appeal.

Relators argue that a plea to the jurisdiction, rather than a motion to abate, was appropriate here because, unlike the situation in *In re Luby's*, there was no pending administrative proceeding. However, we note that in her response to Relator's petition for writ of mandamus, Holmes argues that her cause of action does not implicate administrative remedies under the Act because she does not seek workers' compensation benefits. She contends that much of the damages she seeks are not compensable under the Act. Based on the limited record before us in this mandamus proceeding, we are unable to determine whether and to what extent Holmes is required to exhaust her administrative remedies before she may bring the instant cause of action. Without a more fully developed record, we are reluctant to order the trial court to dismiss, rather than abate, the cause, especially in light of possible limitations problems.[5] Moreover, although Relators indicated at oral argument that they would be amenable to

---

5. If we assume that the fall occurred in May of 1997, the four-year statute of limitations for breach of contract actions could be a problem for Holmes should we dismiss the cause and require her to exhaust administrative reme- dies before refiling. Again, however, without a more fully developed record and briefing by the parties, we are unable to say whether, in fact, limitations would bar Holmes' cause of action.

abatement of the trial below, no such relief was sought at the trial court, and the matter before us on mandamus is limited to the trial court's denial of their plea to the jurisdiction.

Based on the foregoing and having carefully reviewed the record, we conclude that Relators have failed to show that they lack an adequate remedy by appeal. Accordingly, the petition for writ of mandamus is *denied.*