Opinion issued November 16, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00879-CV




IN RE GENERAL METAL FABRICATING CORP., GMF LEASING, INC.,
AND ARNOLD CURRY




Original Proceeding on Petition for Writ of Mandamus





MEMORANDUM OPINION

          Relators, General Metal Fabricating Corp., GMF Leasing, Inc., and Arnold
Curry, filed a petition for writ of mandamus complaining of the trial court’s



September 18, 2006 order severing Relators’ cause of action for breach of Rule 11
settlement agreement from the main, underlying case and the trial court’s September
29, 2006 order denying Relators’ motion to abate. 
          We conditionally grant the petition for writ of mandamus.
BACKGROUND

          The underlying case involved a business dispute among shareholders of two
companies, General Metal Fabricating Corporation and G.M.F. Leasing, Inc. (“the
GMF corporations”). After a jury trial, but before the jury returned its verdict,
Relators and Real Parties in Interest entered into a settlement agreement, which
depended on the jury’s answer to the first question. If the jury answered “yes,” John
Sterigou (real party in interest) would assign all stock in the GMF corporations to
Arnold Curry (relator), and the parties would execute specified, mutual releases and
waive any right to appeal. If the jury answered “no,” Mr. Sterigou would assign all
stock in these corporations to Arnold Curry upon payment of a $20,000 down
payment on $300,000, which was to be paid over time with interest. The settlement
agreement contemplated that the $300,000 would be evidenced by a promissory note
and secured by a first lien deed of trust and a security agreement covering furniture,
fixtures, equipment, etc. In addition, if the jury answered “no,” the parties would file
“a Joint Notice of Non-Suit With Prejudice, releasing all claims except those based
upon [the Rule 11 agreement].” The agreement was filed with the court as a Rule 11
agreement and read into the record. Tex. R. Civ. P. 11. 
          On April 4, 2006, the jury returned its verdict answering “no” to the first
question and finding that Mr. Sterigou suffered damages of $750,000 plus up to
$282,000 in attorneys’ fees. On May 5, 2005, Mr. Sterigou moved for judgment on
the verdict, stating that the Rule 11 agreement had “become un-workable thus leaving
itself unenforceable.” He explained that the parties could not agree on the terms of
the documents necessary to secure the $300,000 indebtedness, and he stated his belief
that the relators had misrepresented the assets available for security. 
          On May 25, 2006, Relators moved for leave to file a post-trial amendment to
their petition to allege breach of the Rule 11 settlement agreement. That same day,
they also filed a motion for summary judgment seeking to enforce the settlement
agreement. On July 14, 2006, Judge McCorkle (1) granted Relators leave to amend
their petition and add the breach-of-settlement-agreement cause of action; (2) denied
Relators’ motion for summary judgment; and (3) signed a “Final Judgment” based on
the jury verdict. Under the “Final Judgment,” Mr. Sterigou was declared to be a
shareholder in the GMF companies,


 was awarded $750,000 plus attorneys’ fees, and
was awarded pre- and post-judgment interest. 
          On July 17, 2006, relying on the judgment, Mr. Sterigou demanded inspection
of the books and records of the GMF companies. On August 14, 2006, Relators
moved for a new trial or to modify, correct or reform the judgment and for the court
to abate the judgment. In their response, the real parties in interest conceded that the
judgment was not final. On September 6, 2006, Relators again asked the court to
abate or stay enforcement of the judgment. In their response, filed September 11,
2006, the real parties in interest urged the court that the proper procedure would be
for the relators to file a notice of appeal and for the appellate court to abate the
underlying case to allow time for the resolution of the breach-of-settlement-agreement claims. 
          On September 18, 2006, the court severed the breach of settlement agreement
claims, and on September 29, 2006, the court denied Relators’ motion to abate. 
Relators seek mandamus relief from these two orders.
DISCUSSION
          Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or a violation of a duty imposed by law when there is no adequate
remedy by appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (citing
In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004)); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992). Ordinarily, the refusal to abate is an
incidental ruling for which there is an adequate remedy by appeal. Abor v. Black, 695
S.W.2d 564, 566 (Tex. 1985); but see Coastal Oil & Gas Corp. v. Flores, 908 S.W.2d
517, 518 (Tex. App.—San Antonio 1995, orig. proceeding).


 Exceptions to this rule
exist, and Texas courts have issued writs of mandamus to compel lower courts to
abate. Mantas v. Fifth Court of Appeals, 925 S.W.2d 656, 659 (Tex. 1996) (appeal
abated pending final resolution of suit to enforce a settlement agreement); In re
Luby’s Cafeterias, 979 S.W.2d 813, 816-18 (abatement necessary to enable Workers’
Compensation Commission to determine compensability issue); In re Kimball Hill
Homes Texas, Inc., 969 S.W.2d 522, 524-25 (Tex. App.—Houston [14th Dist.] 1998,
orig. proceeding) (abatement required under Residential Construction Liability Act). 
          Enforcement of a settlement agreement such as the one at issue in this original
proceeding must be done through a separate breach of contract claim. Mantas, 925
S.W.2d at 658. “Where the settlement dispute arises while the trial court has
jurisdiction over the underlying action, a claim to enforce the settlement agreement
should, if possible, be asserted in that court under the original cause number.” Id.
          Real Parties in Interest argue that the proper procedure would be for Relators
to appeal the judgment on the underlying case—and post a supersedeas bond—and
for the appellate court to abate the appeal until the enforcement action is resolved. 
We disagree. It would be pointless for the appellate court and the parties to expend
resources on an appeal until the trial court first determines the enforcement issue. See
In re Luby’s Cafeterias, 979 S.W.2d at 816. Moreover, we find no evidence in the
mandamus record that it was not “possible” for the breach-of-settlement-agreement
claim to be brought under the same cause number as the underlying case.
CONCLUSION
          We hold that the trial court abused its discretion in failing to abate the Final
Judgment entered in Cause No. 2000-00900 and in severing the breach of settlement
agreement claims from the main case. We conditionally grant the petition for writ of
mandamus, and we direct the trial court to vacate its September 18, 2006 and
September 29, 2006 orders in Cause No. 2000-00900, and to grant Relators’ motion
to abate. We are confident that the trial court will promptly comply, and our writ will
issue only if it does not.
          We order the temporary stay granted in this case on September 28, 2006 lifted.
 
 
 
 
 
 
                                                   Evelyn V. Keyes
                                                   Justice
 
 
Panel consists of Justices Taft, Keyes, and Hanks