In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-20-00185-CV

IN RE FW SERVICES, INC., D/B/A PACESETTER PERSONNEL
SERVICES

Original Proceeding
136th District Court of Jefferson County, Texas
Trial Cause No. D-204,923

## MEMORANDUM OPINION

FW Services, Inc., d/b/a Pacesetter Personnel Services ("Pacesetter"), Relator, petitioned for a writ of mandamus to compel the trial court to vacate a June 22, 2020 order denying a plea to the jurisdiction and abate a personal injury suit filed by Pacesetter's employee, Anthony Snowden, until workers' compensation proceedings have been finally concluded.

Snowden sued Pacesetter and a fellow Pacesetter employee, Joshua Dancurtis Franklin. Snowden alleged that Franklin, acting in the course and scope of his

employment with Pacesetter, was transporting Snowden to a jobsite and that Franklin failed to exercise ordinary care in the operation of the vehicle, resulting in a single-vehicle collision that injured Snowden. Snowden alleged Pacesetter was liable under the doctrine of respondeat superior, and that Pacesetter was negligent in hiring and retention, in entrustment, and in training and safety implementation. In an amended petition, Snowden alleged it has been determined that pursuant to the Texas Workers' Compensation Act Snowden was not in the scope of employment for Pacesetter at the time of the collision.

Pacesetter alleged in its mandamus petition that the exclusive remedy provisions of the Texas Workers' Compensation Act barred Snowden's claims against Pacesetter. In addition to raising this affirmative defense in its answer, Pacesetter filed a plea to the jurisdiction through which it asserted that Snowden's claims against Pacesetter must be abated because the claim was still pending before the commission. Pacesetter alleged that it is a subscriber to workers' compensation, that the claim was reported as a work-related injury and that compensability was disputed because of Snowden's intoxication. Pacesetter argued that the trial court must abate Snowden's tort claims against Pacesetter until the administrative agency's proceedings have finally concluded. The mandamus record includes a notice from the Texas Department of Insurance Division of Workers' Compensation

("DWC"). The DWC notified the parties that a benefit review conference of Snowden's workers' compensation claim was set for July 23, 2020.

In his response to Pacesetter's mandamus petition, Snowden argues the trial court has the discretion to deny the plea to the jurisdiction because Snowden raised a genuine issue of material fact as to whether Pacesetter admitted that Snowden was not in the course and scope of his employment with Pacesetter when the accident occurred. It is undisputed, however, that a workers' compensation proceeding was actively before the DWC on the date that the trial court denied the plea to the jurisdiction. As a matter of law, the DWC has jurisdiction of a workers' compensation proceeding with Snowden as the worker and Pacesetter as the employer. The trial court could not determine Pacesetter's exclusive remedy defense until the administrative proceeding concluded. *See In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813, 817 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). A trial court abuses its discretion if it refuses to abate the negligence suit. *Id.* "Where the outcome of a presently-pending workers' compensation proceeding would preclude liability in the parallel litigation, there is no adequate remedy by appeal." *In re Louisiana-Pacific Corp.*, 112 S.W.3d 185, 190 (Tex. App.—Beaumont 2003, orig. proceeding).

We conditionally grant the petition for writ of mandamus. We are confident the trial court will follow the instructions of this Court and abate the case as long as

3

the matter is pending before the commission; a writ will issue only if the trial court below fails to comply with this decision.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 31, 2020
Opinion Delivered December 10, 2020

Before McKeithen, C.J., Horton and Johnson, JJ.