**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00238-CV**
_____

**PATRICIA LOWE, MARGARET WAPLE AND KATHRYN HART,**
**Appellants**

**V.**

**CAROL ROGERS, Appellee**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-07-08089-CV**
_____

**MEMORANDUM OPINION**

Appellants Patricia Lowe, Margaret Waple, and Kathryn Hart appeal the jury's verdict awarding them damages for injuries they sustained in a motor vehicle accident caused by Appellee Carol Rogers. In a single issue, Appellants complain that the trial court seated a biased juror on the jury panel after the trial court unmistakably struck the juror for cause, depriving them of their constitutional and

1

statutory right to a fair trial with twelve qualified jurors. As set forth below, we affirm the trial court's judgment.

## PERTINENT BACKGROUND

During voir dire, the following exchange occurred with Juror 20:

. . .

[DEFENSE COUNSEL]: Is there anybody here who, for whatever reason, is going to be affected in their ability to give all parties in the lawsuit a fair and reasonable evaluation of the evidence?

Yes. Ma'am.

[VENIREPERSON 20]: I have a question. Can we ask what sort of dollar amount you're talking about in damages? And the only reason I asked is because I have a problem if it is an excessive amount of money.

[DEFENSE COUNSEL]: Well, the amount of damages is in dispute.

[VENIREPERSON 20]: Oh, I'm sorry.

[DEFENSE COUNSEL]: The amount of damages is in dispute, and I'm not sure exactly what they will ultimately ask for, but I just wanted to thank you for your comment.

[VENIREPERSON 20]: That's – honestly I do have a problem with it.

[DEFENSE COUNSEL]: Anybody else? Thank you very, very much. I appreciate it. We – we're looking forward to a few good days of trial with you. Thank you.

THE COURT: Okay. Counsel, could I see you at the bench, please.

(AT THE BENCH, ON THE RECORD)

THE COURT: I'm striking the following jurors for cause,

[DEFENSE COUNSEL]: Oh, wait. All right.

THE COURT: These are gone: 20, 21, and 57.

. . .

Before the parties made their final strikes, the following exchange occurred:

THE COURT: Does anybody need a refresher on who is not with us anymore:

[DEFENSE COUNSEL]: I think we do.

THE COURT: All right. Are you ready?

[DEFENSE COUNSEL]: Yes.

. . .

THE COURT: All right. 1 and 2 are gone. 4 and 5, 11 and 12, 14, 15, 19, 21 - - I'm only calling those that are gone; right?

[DEFENSE COUNSEL]: Yes.

THE COURT: 28 and 29, 31, 37, and 40. The ones after that are immaterial because they are off the list.

At this point, neither party objected that Venireperson 20 was not announced by the Court as being gone also. After a short recess, the trial court announced the jury, which included Venireperson 20, and neither party objected to Venireperson 20 being seated on the jury.

3

After the jury heard evidence regarding the Appellants' damages, the jury rendered a unanimous verdict awarding the Appellants individual damages for physical pain and impairment, mental anguish, medical expenses, loss of parental consortium, and lost wages. When the trial court asked the parties if they had any motions pertaining to the verdict, Appellants' counsel moved that the verdict be accepted, and the trial court accepted the verdict and dismissed the jury. Appellants filed Plaintiffs' Qualified Counter-Motion to Enter Proposed Final Judgment, or, Alternatively, Motion to Continue Hearing on Entry of Judgment, objecting to Defendant's proposed Final Judgment and arguing that they disagreed with the jury's findings concerning the amount of damages and that there was a fatal defect which would support a new trial. Appellants stated they intended to file a Motion for New Trial, and if the trial court denied a new trial, Appellants requesting the trial court enter Plaintiffs' Proposed Final Judgment, which they argued qualified to preserve appellate issues they intended to raise in a Motion for New Trial. The trial court rendered a Final Judgment Nunc Pro Tunc based on the jury's verdict. The clerk's record does not contain a Motion for New Trial.

## ANALYSIS

In their sole issue, Appellants argue they were constitutionally and statutorily deprived of a jury with twelve unbiased members, and they were harmed when the trial court erroneously seated a venireperson it had *sua sponte* struck for cause due

4

to bias. *See* Tex. Const. art. I, § 15, art. V, § 13; Tex. Gov't Code Ann. § 62.201 (noting jury is composed of twelve persons). Appellants argue they were deprived of twelve qualified jurors because venireperson 20 exhibited a bias against awarding an excessive amount of money in damages and that the error was not discoverable until the record was completed. *See* Tex. Gov't Code Ann. § 62.105(4) (listing disqualifications); Tex. R. Civ. P. 228 (discussing challenges for cause). Rogers argues Appellants waived error and failed to demonstrate harm.

The Texas Constitution and the Texas Rules of Civil Procedure require that a district court jury consist of twelve members unless not more than three jurors die or be disabled from sitting. Tex. Const. art. V, § 13; Tex. R. Civ. P. 292(a). A party is entitled to a jury of twelve qualified jurors. *See* Tex. Const. art. I, § 15, art. V, § 13; Tex. Gov't Code Ann. § 62.201. The Sixth Amendment and the Texas Constitution guarantees litigants a right to trial by a fair and impartial jury. *See* U.S. CONST. amend. VI; Tex. Const. art. I, § 15. A prospective juror who admits bias or prejudice is disqualified to serve as a juror as a matter of law. Tex. Gov't Code Ann. § 62.105(4); *see also* Tex. R. Civ. P. 228 (stating a challenge for cause is an objection made to a juror alleging some fact which by law disqualifies the juror to serve as a juror). Since the Texas Supreme Court has held that "[i]n cases involving juror disqualification the Complainant need not establish that probable injury resulted therefrom before a new trial may be granted[,]" the argument that the presence of a

5

disqualified juror does not result in material harm unless an insufficient number of qualified jurors remain is contrary to controlling authority. *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex. 1963); *Dempsey v. Beaumont Hosp., Inc.*, 38 S.W.3d 287, 290–91 (Tex. App.—Beaumont 2001, pet. dism'd) (noting that the deprivation of a full jury of twelve members, absent an exception authorized by the constitution or applicable rules, is a denial of the right to jury trial guaranteed by Texas Constitution).

The participation of an unqualified juror in the jury's verdict does not automatically entitle a party to a new trial. *BZ Tire Shop v. Brite*, 387 S.W.3d 837, 838 (Tex. App.—San Antonio 2012, no pet.) (citations omitted). An appellant can waive a complaint that a juror is unqualified. *See id.*; *see also Dempsey*, 38 S.W.3d 291 (analyzing whether Dempsey waived right to complain that verdict was rendered by only eleven jury members by failing to object); *Mercy Hosp. of Laredo v. Rios*, 776 S.W.2d 626, 628 (Tex. App.—San Antonio 1989, writ denied) (holding appellant waived complaint that illiterate juror was disqualified); *Jenkins v. Chapman*, 636 S.W.2d 238, 240 (Tex. App.—Texarkana 1982, writ dism'd) (holding appellant waived complaint regarding unqualified juror who was accepted and not complained about until after unfavorable verdict).

Prior to the parties exercising their strikes, Appellants did not object when the trial court omitted venireperson 20 from the list of excluded jurors. Appellants did

not object to the trial court's decision to seat venireperson 20 on the jury or otherwise seek to exclude her from the jury. The record shows that Appellants did not object to venireperson 20's jury service at any time during trial. Since Appellants failed to object at trial, they have not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a). Accordingly, we overrule Appellants' sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on December 20, 2022
Opinion Delivered February 9, 2023

Before Golemon, C.J., Horton and Wright, JJ.