Petition for Writ of Mandamus Conditionally Granted and Opinion filed
May 29, 2003

















Petition for
Writ of Mandamus Conditionally Granted and Opinion filed May 29, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00073-CV

____________

 

IN RE TYLER
ASPHALT & GRAVEL COMPANY, INC., Relator

 

 

________________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

________________________________________________________________

 

O P I N I O
N

            Relator,
Tyler Asphalt & Gravel Company, Inc., seeks a writ of mandamus ordering
respondent, the Honorable Sharolyn Woods, to abate
the underlying suit.  We conditionally
grant the writ.

                              I.  Factual and Procedural Background

            Reynaldo Gaona
was electrocuted and died while using a power sprayer to wash his car on Tyler’s
premises.  Although Reynaldo was Tyler’s employee
at the time of his death, whether his death occurred in the course and scope of
his employment is disputed.








            In April of 2000, Real Parties in
Interest, Maria and Donacino Gaona,
Individually and as Representatives of the Estate of Reynaldo Gaona, filed the underlying suit in Harris County against
Tyler and the manufacturer and owner of the power sprayer.  The Gaonas allege
Reynaldo’s death was caused by Tyler’s
negligence.  Tyler asserts
that the negligence claims are barred by the exclusive remedy provision of the
Texas Workers’ Compensation Act[1]
because Reynaldo’s death occurred in the course and scope of his employment.[2]  See
Tex. Lab. Code Ann. § 408.001 (Vernon 1996).

            The course and scope issue also
became the subject of a workers’ compensation proceeding.  After Tyler paid
Reynaldo’s funeral expenses, it sought reimbursement from its workers’
compensation carrier.  The carrier
contested the compensability of Reynaldo’s death asserting it did not occur in
the course and scope of his employment. 
After the parties were unable to resolve their dispute at a benefit
review conference, a contested case hearing was held.  The hearing officer ruled that Reynaldo
sustained a compensable injury and awarded death benefits to the Gaonas and burial benefits to Tyler.  The carrier appealed that decision to an
appeals panel.  In what the appeals panel
called an unusual turn of events, the Gaonas also
contested the decision.[3]  The appeals panel affirmed the hearing
officer’s decision.

            In November of 2000, the carrier
filed suit in the 114th Judicial District Court of
 Smith County, Texas, seeking
judicial review of the appeals panel decision. 
The Gaonas also challenged the appeals panel
decision in the Smith County suit, but,
alternatively, requested affirmance and death
benefits should the court find Reynaldo’s death compensable.  Pursuant to a motion by the Gaonas, the Smith County court
abated its suit.  The Smith County court has
also granted several continuances.[4]  Thus, the Smith County suit has
not yet been tried.

            Meanwhile, after several
continuances in the underlying Harris County suit, the
court set trial for a two-week period beginning January 20, 2003.  On December 12, 2002, Tyler filed a
supplemental motion to abate contending the suit should be abated until the Smith County case is
“decided.”[5]  On January 16, 2003, the trial court heard and denied
the motion to abate and ordered the parties to appear for trial on January 30, 2003.[6]  Tyler then filed
this petition for writ of mandamus and a request for temporary relief.  We stayed the trial pending our ruling on the
mandamus petition.

II.  Mandamus Standard of
Review

            Mandamus relief is available if the
trial court clearly abuses its discretion, either in resolving factual issues
or determining legal principles, when there is no other adequate remedy at law.
 See Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex.
1992).  A trial court clearly abuses its
discretion if “it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law.” 
Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex.
1985).  To show abuse of discretion in
determining legal principles, the relator must show
the trial court clearly failed to analyze or apply the law correctly.  Walker, 827
S.W.2d at 840.  The relator
must also show that it has no other adequate remedy.  Id.  A remedy by appeal is not inadequate merely
because the party may incur more expense and delay than in obtaining the
writ.  Id. at 842.

                                                   III.  Abuse of Discretion

            Tyler contends
the trial court abused its discretion by refusing to abate the underlying suit
until the statutory workers’ compensation process for determining the course
and scope issue is complete.  It contends
that process includes judicial review; thus, the Smith County court has exclusive jurisdiction to determine the
course and scope issue because Reynaldo lived in Smith County at the
time of his death.  See Tex. Lab. Code Ann.
§ 410.252 (b)(1) (Vernon 1996)
(requiring judicial review in county of employee’s residence at time of
death).  The Gaonas
respond that the statutory process was complete when the appeals panel issued
its decision; thus, the Harris County court has dominant jurisdiction because the
underlying suit was filed before the Smith County suit.

A.        Jurisdictional
Doctrines 

            We first distinguish the exclusive
and dominant jurisdiction doctrines because our ruling rests, to some extent,
upon the applicable doctrine.  With
respect to an administrative process, under the exclusive jurisdiction
doctrine, the Legislature grants an agency the sole authority to make an
initial determination in a dispute.  Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex.
2002).  An agency has exclusive
jurisdiction when a statutory scheme indicates the Legislature intended the
statutory process to be the exclusive means of remedying the problem to which
the statute is addressed.  Id.[7]  Whether an agency has exclusive jurisdiction
depends on statutory interpretation.  Id.  Typically, if an agency has exclusive
jurisdiction, a party must exhaust all administrative remedies before seeking
judicial review of the agency’s action.  Id.  Until then, a trial court lacks subject
matter jurisdiction and must dismiss without prejudice those claims within the
agency’s exclusive jurisdiction.  Id.  In some instances, however, the statutory
scheme may necessitate that an administrative agency with exclusive
jurisdiction make certain findings before a trial court may finally adjudicate
a claim.  Id.  Under those circumstances, if a party files
its claims in the trial court before an agency resolves the issue within its
exclusive jurisdiction, but the jurisdictional impediment can be removed, then
the trial court may abate proceedings to allow a reasonable opportunity for the
jurisdictional problem to be cured.  Id. at 221–22;
Henry v. Dillard Dep’t Stores, Inc.,
70 S.W.3d 808, 809 (Tex.
2002).  With respect to a court,
exclusive jurisdiction is the power a court exercises over an action or person
to the exclusion of all other courts.  Taub v. Aquila Southwest Pipeline Corp., 93 S.W.3d 451, 456 n.8
(Tex. App.—Houston [14th
Dist.] 2002, no pet.) (citing Black’s
Law Dictionary 564 (6th ed. 1990)).

            Regarding the dominant jurisdiction
doctrine, when suits involving the same subject matter are brought in different
courts, the court in which suit is first filed acquires dominant jurisdiction
to the exclusion of other courts.  Wyatt v. Shaw Plumbing Co., 760 S.W.2d
245, 248 (Tex.
1988).  The court with the first-filed
suit should proceed, and the other suit should be abated.  See id.  This rule applies when both courts are proper
forums for the suit.  See id. 

B.        Smith County Court Has Exclusive Jurisdiction.

            We agree with Tyler that the Smith County court has
exclusive jurisdiction because determination of the course and scope issue is
committed to the statutory workers’ compensation process, judicial review is a
part of that process, and judicial review must occur in Smith County.

            1.         Course and Scope
Issue Committed To Statutory Workers’ Compensation Process

            The Texas Workers’ Compensation
Commission clearly has exclusive jurisdiction to determine compensability
because the Act vests the power to determine whether a claimant is entitled to
workers’ compensation benefits solely in the Commission, subject to judicial
review.  See Henry, 70 S.W.3d at 809 (citing Am. Motorists Ins. Co. v. Fodge, 63
S.W.3d 801, 804 (Tex. 2001) and holding trial court could not adjudicate
employee’s claim for bad faith denial of workers’ compensation benefits without
determining whether she was entitled to benefits, a matter within the
Commission’s exclusive jurisdiction); Saenz
v. Fid. & Guar. Ins. Underwriters, 925 S.W.2d 607, 612 (Tex. 1996)
(stating Act vests power to award workers’ compensation benefits solely in
Commission, subject to judicial review). 
The Commission’s exclusive jurisdiction to determine compensability
necessarily encompasses exclusive jurisdiction to determine whether an injury
or death occurred in the course and scope of employment.  See
Tex. Lab. Code Ann. § 401.011(10)
(Vernon Supp. 2003) (defining compensable injury as “an injury that arises out
of and in the course and scope of employment for which compensation is payable”
under the Act).

            Both parties rely on In re Luby’s
Cafeterias, Inc., 979 S.W.2d 813 (Tex. App.—Houston [14th Dist.] 1998,
orig. proceeding), to support their positions. 
In Luby’s,
we recognized the Commission’s exclusive jurisdiction over compensability.  In that case, a Luby’s
employee filed a workers’ compensation claim after she was assaulted by a
fellow employee.  Id. at
814.  The carrier originally denied the
claim on the grounds the employee did not sustain a compensable injury but
later reopened the claim at the employer’s urging after new information was
revealed.  Id. at
814–15.  A hearing officer eventually
determined the employee sustained a compensable injury.  Id. at
815.  However, an appeals panel reversed
and remanded for further factual determinations on the compensability issue.  Id.  Meanwhile, the employee filed a negligence
suit against Luby’s. 
Id.  Claiming the employee sustained a compensable
injury, Luby’s asserted the exclusive remedy defense
and requested abatement of the negligence suit pending the Commission’s final
determination.  Id. at
815–16.  After the trial court refused to
abate, Luby’s sought mandamus relief.  Id. at 815.[8]  We concluded the trial court abused its
discretion because it had no choice but to abate.  Id. at
817.  Further, we stated that the jury
would have to determine the compensability issue before it could consider the
negligence claims, but the compensability issue was within the Commission’s
“exclusive primary jurisdiction.”  Id. at 816–17.[9]  Most significant to the present dispute was
our following statement:

Luby’s is
requesting an abatement of the trial only until the Commission makes a final
decision.  It is not requesting an
abatement until a de novo appeal is
decided by a district court.  Thus, any
such appeal of the Commission’s decision on the compensability issue can be
consolidated with the underlying lawsuit and the discovery that has occurred to
date can be used in that suit.  Id. at 816
(citations omitted).

            The Gaonas
interpret our holding as requiring abatement only until an appeals panel makes
a final decision.  Tyler maintains
we merely made an observation in response to the employee’s argument that
discovery in the negligence suit would be wasted if it were abated.  See id.  Tyler further maintains the reasons the Luby’s court
required abatement are more critical here because the compensability issue had
not yet been decided in Luby’s
whereas here, the Commission has determined Reynaldo’s death is compensable.

            Regardless of the parties’ differing
interpretations of Luby’s,
it does not completely control here because it left open the issue in this case
— whether judicial review is part of the statutory process such that the Smith
County court has exclusive jurisdiction to determine the course and scope
issue; or whether judicial review is considered a new suit such that the Harris
County court has dominant jurisdiction to determine the issue.[10] 




            2.         Judicial Review in Smith County is Part of Statutory
Workers’ Compensation Process

            The Act and case law interpreting it
demonstrate the Legislature intended that judicial review be a part of the
exclusive statutory process for determining compensability.  In construing a statute, our primary aim is
to give effect to the Legislature’s intent. 
Osterberg v. Peca, 12
S.W.3d 31, 38 (Tex. 2000); Union Bankers Ins. Co. v. Shelton, 889
S.W.2d 278, 280 (Tex.
1994).  We must construe a statute as
written and endeavor to ascertain legislative intent from its language.  Osterberg, 12 S.W.3d at 38; Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex.
2001).  We must always consider the
statute as a whole rather than its isolated provisions.  Helena
Chem. Co., 47 S.W.3d at 493.

            The Act provides that a proceeding
before the Commission to determine a carrier’s liability for compensation is
governed by Chapter 410 of the Act.  Tex. Lab. Code Ann. § 410.002 (Vernon
1996).  Chapter 410 prescribes successive
procedures for resolution of a claim by the Commission.  See
Tex. Lab. Code Ann. §§
410.021-.308 (Vernon 1996 & Supp. 2003); see also Ankrom v. Dallas Cowboys Football
Club, Ltd., 900 S.W.2d 75, 78 (Tex. App.—Dallas 1995, writ denied) (stating
the Act’s provisions regarding successive steps in the progress and maturity of
a claim are mandatory).  These procedures
include judicial review.  See Tex.
Lab. Code Ann. §§ 410.251-.308. 
Specifically, judicial review is the fourth tier of the four-tier system
for disposition of claims by the Commission. 
In re Tex. Workers’ Comp. Ins.
Fund, 995 S.W.2d 335, 336 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding) (citing Tex. Lab. Code Ann.
§ 410.251-.308); Subsequent Injury Fund,
State of Tex. v. Serv. Lloyds Ins. Co., 961
S.W.2d 673, 675 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).[11]

            Further, section 410.205 of the Act
discusses the effect of an appeals panel decision during judicial review:

(a)       A
decision of an appeals panel regarding benefits is final in the absence of a
timely appeal for judicial review.

(b)       The
decision of the appeals panel regarding benefits is binding during the pendency of an appeal under Subchapter F or G.  

 

Tex. Lab. Code Ann. § 410.205 (Vernon 1996 & Supp. 2003).[12]

Therefore,
contrary to the Gaonos’ argument that the statutory
process was complete upon the appeals panel issuing its decision, the Act
expressly provides the decision, though binding, is not final during the pending judicial review.  Id. §
410.205(b).

            In addition, contrary to the Gaonas’ suggestion that judicial review should be treated
as an entirely new suit, judicial review is appellate in character even though
it is referred to as de novo.  Walker v. Argonaut Southwest Ins. Co.,
929 S.W.2d 499, 500 (Tex. App.—Texarkana 1996, no writ) (citing Paradissis v. Royal Indem.
Co., 507 S.W.2d 526, 529 (Tex. 1974)); Ankrom, 900 S.W.2d at 77 (citing Paradissis, 507
S.W.2d at 529).  In fact, with respect to
compensability issues, the current Act replaced true de novo judicial review with modified
de novo review.  Rodriguez v. Serv. Lloyds Ins. Co., 997
S.W.2d 248, 252–53 (Tex. 1999); Tex.
Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504,
515 (Tex. 1995); ESIS, Inc., Servicing
Contractor v. Johnson, 908 S.W.2d 554, 559 (Tex. App.—Fort Worth 1995, writ
denied).  This means there is a right to
trial by jury of all compensability issues.  Tex. Lab. Code Ann. § 410.304; Garcia, 893 S.W.2d at 515; ESIS, 908 S.W.2d at 559.  However, 
the party appealing bears the burden of proof by a preponderance of the
evidence.  Tex. Lab. Code Ann. § 410.303; Garcia, 893 S.W.2d at 515; ESIS,
908 S.W.2d at 559.  The court must inform
the jury of the appeals panel decision, but the jury is not required to accord
it any particular weight.  Tex.
Lab. Code Ann. § 410.304(a);
Garcia, 893 S.W.2d at 515; ESIS,
908 S.W.2d at 559–60.[13]  Instead, the jury decides the issues
independently based on a preponderance of the evidence, but review is limited
to the issues that were before the appeals panel.  Tex.
Lab. Code Ann. §§ 410.302-.303; Sec.
Nat’l Ins. Co. v. Farmer, 89 S.W.3d 197, 200 (Tex. App.—Fort Worth 2002,
pet. denied) (citing Garcia, 893
S.W.2d at 531).  New evidence (other than
that presented to the hearing officer), as well as the Commission’s record, is
admissible at trial.  Tex. Lab. Code Ann. § 410.306(a),(b); Peterson v. Cont’l
Cas. Co., 997 S.W.2d 893, 894 n.2 (Tex.
App.—Houston [1st Dist.] 1999, no pet.); ESIS,
908 S.W.2d at 560.

            Finally, although neither party
presents any conclusive authority on whether the Smith County court has
exclusive jurisdiction to determine the course and scope issue, in Northwinds Abatement, Inc. v. Employers Ins. of Wausau,
69 F.3d 1304, 1311 (5th Cir. 1995), the Fifth Circuit determined that
exhaustion of an administrative process includes judicial review when judicial
review is authorized by the applicable statute.[14]  Northwinds sued
Wausau, its workers’ compensation servicing company, on various tort and breach
of contract theories alleging Wausau mishandled and improperly paid some
fraudulent workers’ compensation claims. 
Id. at 1306–07.  The district court rejected Wausau’s
jurisdictional challenge, that Northwinds had not
exhausted the administrative remedies prescribed by the provisions of the Texas
Insurance Code governing Northwinds’ coverage.  Id.
at 1307–08.[15]  On appeal, the Fifth Circuit stated that the
merit of Northwinds’ suit depended on a determination
that the claims were indeed fraudulent and improperly paid.  Id.
at 1310–11.  However, the Texas Legislature
had committed that determination to the administrative process including
resolution through the Texas Workers’ Compensation Insurance Facility, the
Commission, and the State Board of Insurance, subject to judicial review in
Travis County.  Id. at 1307–11 (citing Tex.
Ins. Code Ann. art. 5.76-2, § 2.05(d); Tex.
Admin. Code tit. 28, § 1.51(b); Tex.
Gov’t Code Ann. §§ 2001.171-.178).  Most significantly, the Fifth Circuit held
that the district court should have abated the suit “until the administrative and judicial review procedures prescribed
by the Texas Insurance Code had yielded final determinations” on whether Wassau improperly paid the claims.  Id.
at 1311 (emphasis added).[16]

            In sum, we conclude judicial review
of the appeals panel course and scope decision is part of the statutory
workers’ compensation process.[17]  The Act mandates that judicial review occur
in the county where the employee resided at the time of injury or death. Tex. Lab. Code Ann. § 410.252
(b)(1).  A statute which lodges in the
courts of a single county the exclusive power to try a certain type of case is
jurisdictional, not a matter of venue.  See Duncan v. Tex. Dep’t of Pub. Safety, 6 S.W.3d
756, 758 (Tex. App.—Tyler 1999, no pet.); see
also Argonaut Southwest Ins. Co. v. Walker, 64 S.W.3d 654, 657 (Tex.
App.—Texarkana 2001, pet. denied) (recognizing requirement that judicial review
petition be timely filed in county of employee’s residence at time of injury or
death is jurisdictional).  It is
undisputed Reynaldo resided in Smith County at the
time of his death.  Accordingly, Smith County has
exclusive jurisdiction to determine the course and scope issue.[18]

 

C.        Abatement
is Required

            Although the Smith County court has
exclusive jurisdiction to determine the course and scope issue, it cannot
adjudicate the Gaonas’ negligence claims if it
determines Reynaldo’s death occurred outside the course and scope of his
employment.  However,  the viability of the negligence claims in the
underlying suit depends on the Smith County court’s
determination on the course and scope issue due to Tyler’s
exclusive remedy defense.  Therefore,
this is an instance where an exclusive statutory process must yield certain
findings 

 class=Section3>

before
a trial court may adjudicate a claim.  See Subaru, 84 S.W.3d at 221–22; Henry, 70 S.W.3d at 809.  In such an instance, abatement, not
dismissal, is appropriate to allow a reasonable opportunity for a trial court’s
jurisdictional impediment to be removed.[19]  See
Subaru, 84 S.W.3d at 221–22; Henry,
70 S.W.3d at 809.  Accordingly, the trial
court abused its discretion by refusing to abate the underlying suit until
judicial review is complete.  We sustain Tyler’s second
issue.

IV.  No Adequate Remedy By
Appeal

            Having found an abuse of discretion,
we must consider whether Tyler has an adequate
remedy by appeal.  Ordinarily, a trial
court’s refusal to abate is an incidental ruling for which a party has an
adequate remedy by appeal.  See Abor v. Black,
695 S.W.2d 564, 566–67 (Tex. 1985); Luby’s, 979
S.W.2d at 815; In re Kimball Hill Homes
Tex., Inc., 969 S.W.2d 522, 524–25 (Tex. App.—Houston [14th Dist.] 1998,
orig. proceeding).  However, there are
certain exceptions such as when a court interferes with the jurisdiction of
another court or fails to observe a mandatory statutory provision conferring a
right.  See Hall v. Lawlis, 907 S.W.2d 493, 494 (Tex. 1995); Luby’s, 979
S.W.2d at 815; Kimball Hill, 969
S.W.2d at 525.  Tyler asserts it
has no adequate remedy by appeal because the trial court has interfered with
the Smith County court’s
exclusive jurisdiction and denied Tyler the
benefits of the workers’ compensation scheme to which it subscribed.  It also argues it has no adequate remedy by
appeal due to the potential for confusion and conflicting judgments if the Harris County suit is
tried first.




 








A.        Tyler Denied Statutory Rights

            We have already found that the trial
court has interfered with the exclusive jurisdiction of the Smith County
court.  We further find that by so doing,
the trial court has deprived Tyler of its
statutory rights as a workers’ compensation subscriber.  The Act is contractual in nature and controls
the rights and obligations of the parties regarding compensation claims.  See Escajeda v. Cigna Ins. Co. of Texas, 934 S.W.2d 402,
405 (Tex. App.—Amarillo 1996, no writ); Luby’s, 979 S.W.2d at 816 (citing Aranda v. Ins. Co. of N. Am., 748 S.W.2d
210, 212 (Tex.
1988)).  By paying workers’ compensation
premiums, Tyler bargained
for the right to have the course and scope issue resolved through the process
prescribed by the Act, thereby saving it the time, expense, and uncertainty of
litigation.  See Tex. Lab. Code Ann.
§ 410.002; Luby’s,
979 S.W.2d at 817 (citing Aranda, 748 S.W.2d at 212).  Because that process includes judicial
review, the trial court would deprive Tyler of that
right by forcing it to defend negligence claims while judicial review is
pending.

            Further, the trial court’s action
would deprive Tyler of its
right to claim the exclusive remedy provision of the Act.  See Tex. Lab. Code Ann. § 408.001.  There is currently a binding appeals panel decision that Reynaldo’s death occurred in
the course and scope of his employment, and the Gaonas
are entitled to death benefits.  See Tex.
Lab. Code Ann. § 410.205 (providing that appeals panel decision is
binding during judicial review); Lopez v.
Tex. Workers’ Comp. Ins. Fund, 11 S.W.3d 490, 495 (Tex. App.—Austin 2000,
pet. denied) (stating that administrative ruling — whether granting or denying
benefits — remains in effect until overturned by final, enforceable judicial decision,
and benefits are payable, or not, in accordance with appeals panel decision
until final judicial decision rules otherwise).[20]  

 class=Section5>

The
trial court would controvert that binding decision and, consequently, the
exclusive remedy provision by trying the negligence claims while judicial
review is pending.

            Finally, the trial court’s action
would improperly shift the burden of proof on the course and scope issue to Tyler.  The exclusive remedy bar is an affirmative
defense on which Tyler would bear
the burden of proof in a negligence action. 
See Quanaim
v. Frasco Rest. & Catering, 17 S.W.3d 30, 43
(Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  However,
section 410.303 of the Act mandates that the party seeking to overturn an
appeals panel decision — here, the Gaonas and the
carrier — bear the burden of proof in the judicial review.  Tex.
Lab. Code Ann. § 410.303. 
Therefore, the trial court would controvert that provision by trying the
negligence claims while judicial review is pending.

B.        Potential For Confusion and Conflicting Judgments

            While Tyler’s
statutory arguments are most persuasive, we also agree with its practical
arguments regarding the potential for confusion and conflicting judgments if
the underlying suit were tried first.  In
Luby’s, we
recognized that a judgment in the negligence suit before the Commission’s
compensability determination would “inject needless uncertainty and confusion”
due to the potential for conflicting rulings and a waste of resources.  Luby’s, 979 S.W.2d at 816–17.[21]  Here, the carrier is not a party to the Harris County suit, and
not necessarily bound by its decision.  See Sysco Food Servs., Inc. v. Trapnell, 890
S.W.2d 796, 801–02 (Tex. 1994)
(stating to establish collateral estoppel, it is
necessary that the party against whom the doctrine is asserted was a party or
in privity with a party in the first action).  Thus, the course and scope issue could be
tried again in Smith County with a
different result if the Harris County suit were
tried first.  In contrast, the Gaonas and Tyler are both parties to the Smith County suit;
thus, its determination on course and scope would bind the parties if it were
tried first.  See id.

            The Gaonas
argue that they may be denied any recovery if the Smith County suit is
tried first because the position they take in that suit depends on the outcome
of the Harris County
trial.  We disagree.  Regardless of their strategy for trying the
negligence claims first, when Reynaldo elected to participate in the system, he
voluntarily relegated his common-law rights and remedies in favor of the rights
ensured by the Act.  See Ankrom, 900 S.W.2d at 77–78 (citing Paradissis, 507
S.W.2d at 529); see also Tex. Lab. Code Ann. § 406.034 (Vernon 1996)
(providing participation in the workers’ compensation system is voluntary for
employees, as well as employers).  While
we have focused on Tyler’s rights
because it is the party seeking relief, the Act is primarily intended to
promptly and fairly compensate injured employees and relieve them of the burden
of proving their employers’ fault.  See Payne v. Galen Hosp. Corp., 28
S.W.3d 15, 17 (Tex. 2000)
(citing Paradissis,
507 S.W.2d at 529); Luby’s,
979 S.W.2d at 817 (citing Aranda, 748 S.W.2d at 212).  The Gaonas will not
be denied those rights if the compensability issue is resolved through the
process mandated by the Act.  If judicial
review ultimately affirms the decision that Reynaldo’s death occurred in the
course and scope of his employment, the Gaonas can
continue to recover death benefits.  On
the other hand, if the judicial review ultimately reverses that decision, the Gaonas may prosecute the negligence claims against Tyler.[22]

            Accordingly, Tyler has no
adequate remedy by appeal from the trial court’s abuse of discretion in
refusing to abate the underlying suit until judicial review is complete.  We sustain Tyler’s first
issue.

V.  No Waiver of Mandamus

            Finally, the Gaonas
contend that Tyler waived its
right to mandamus relief by (1) waiting too long to reurge
the motion to abate and thereafter seek mandamus relief; and (2) taking an
adverse position in the Smith County suit.[23]  We disagree. 
The Gaonas rightly contend that a motion to
abate based on another court’s dominant jurisdiction must be timely raised, or
it is waived.  See Wyatt, 760 S.W.2d at 248; Howell
v. Mauzy, 899 S.W.2d 690, 698 (Tex. App.—Austin
1994, writ denied).  They are also
correct that delay in filing a mandamus petition may constitute waiver.  See Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367–68 (Tex.
1993).  Further, they are generally
correct that a party may waive a right by intentional conduct that is
inconsistent with an intent to claim that right.  See
Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 643 (Tex.
1996).  However, the basis for abatement
here is the Smith County court’s
exclusive jurisdiction.  Subject matter
jurisdiction cannot be conferred by waiver, consent, or estoppel
at any stage of a proceeding.  See Wilmer-Hutchins Indep.
Sch. Dist. v. Sullivan, 51 S.W.3d 293, 294–95
(Tex. 2001) (holding school district could not waive jurisdictional challenge
to retaliatory discharge suit despite plaintiff’s claim that school district
attorney misled her by not informing her of mandatory administrative process); Taub, 93 S.W.3d
at 461 (holding landowner could not waive county court’s exclusive jurisdiction
over condemnation action by failing to object when it was filed as a
counterclaim in landowner’s district court trespass action).  Accordingly, Tyler could not
waive its right to mandamus relief from the trial court’s refusal to abate.

                                                             VI.  Conclusion

            Having found the trial court abused
its discretion by refusing to abate the underlying suit until judicial review
is complete, we conditionally grant relator’s
petition for writ of mandamus.  We are
confident the trial court will vacate its order of January 16, 2003 and will abate this suit
until the judicial review of the appeals panel decision is complete.  If the trial court fails to do so, the writ
will issue.

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Opinion filed
May 29, 2003.

Panel consists of Justices Edelman,
Seymore, and Guzman.

 











            [1]  All subsequent references to the “Act” are to
the Texas Workers’ Compensation Act.





            [2]  The Gaonas pleaded
that Reynaldo’s death did not occur in the course and scope of his employment.





            [3]  According to the appeals panel, the Gaonas took this position so they could prosecute the
underlying suit.





            [4]  The Gaonas assert
the Smith County suit is
abated until after the Harris County trial;
however, the record does not reflect this. 
In fact, in one of its continuance orders, the court crossed through the
Gaonas’ proposed language that the case be abated
until after the Harris County trial;
instead, the court set trial for a later date although that setting was subsequently
continued.





            [5]  Tyler filed its
first motion to abate on the same grounds on February 13, 2001, but the trial court denied
the motion “at that time.”





            [6]  The trial court first ordered the parties to
appear for trial on January
 21, 2003, but changed the date to January 30, 2003 because Tyler’s counsel
had a conflicting trial setting.





            [7]  In Subaru,
the court also explained the primary jurisdiction doctrine because courts have
confused exclusive and primary jurisdiction. 
84 S.W.3d at 220–21.  Despite
similar terminology, exclusive jurisdiction is jurisdictional whereas primary
jurisdiction is prudential.  Id. at 220.  The
primary jurisdiction doctrine allocates power between courts and agencies when
both have authority to make initial determinations in a dispute.  Id. at
221.  Trial courts should allow an
administrative agency to initially decide an issue when (1) an agency is
typically staffed with experts trained in handling the complex problems in the
agency’s purview; and (2) great benefit is derived from an agency’s uniformly
interpreting its laws, rules, and regulations, whereas courts and juries may
reach different results under similar fact situations.  Id.  If the primary jurisdiction doctrine requires
a trial court to defer to an agency to make an initial determination, the court
should abate the lawsuit and suspend a final adjudication of the claim until
the agency has an opportunity to act on the matter.  Id.





            [8]  While the mandamus petition was pending, the
hearing officer ruled on remand that the injury was compensable, but the
employee acknowledged that decision would be appealed.  Luby’s,
979 S.W.2d at 815.





            [9]  In Luby’s, we did not have the benefit of  the Texas Supreme Court’s recent
clarification of the doctrines in Subaru.  We referred to the Commission’s “exclusive
primary jurisdiction” at one point, but cited the primary jurisdiction doctrine
at another point.  Luby’s, 979
S.W.2d at 816–17.  Regardless of
terminology, our reasoning was in line with the exclusive jurisdiction doctrine
because we stated “[w]here the Legislature has committed a matter to an agency,
the agency’s primary jurisdiction is exclusive,” and we recognized the
Legislature committed the compensability issue to the Commission.  Id.





            [10]  This is apparently an issue of first
impression in Texas.  The parties do not cite, and we have not
found, a Texas case
addressing this issue.  Further, the
parties do not cite, and we have not found a case from another state addressing
this issue.  Nevertheless, a trial
court’s erroneous legal conclusion, even in an unsettled area of law, is an
abuse of discretion.  See Huie v. Deshazo, 922 S.W.2d 920, 927-28 (Tex. 1996); Lozano v. Lozano, 975 S.W.2d 63, 66
(Tex. App.—Houston [14th Dist.] 1998, pet. denied).  Therefore, we may determine whether the trial
court’s refusal to abate was erroneous.





            [11]  The first tier is the benefit review
conference at which the benefit review officer has the authority to order or
decline to order benefits.  Tex. Lab. Code Ann. §§
410.021-.034;  Tex. Workers’ Comp. Ins. Fund, 995
S.W.2d at 336; Subsequent Injury Fund,
961 S.W.2d at 675.  The second tier is
the contested case hearing although the parties may agree to arbitrate between
the benefit review conference and the contested case hearing.  Tex.
Lab. Code Ann. §§ 410.101-.121; 410.151-.169; Tex. Workers’ Comp. Ins. Fund, 995
S.W.2d at 336; Subsequent Injury Fund,
961 S.W.2d at 675.  The third tier is
review by an administrative appeals panel. 
Tex. Lab. Code Ann. §§
410.201-.209; Tex. Workers’ Comp. Ins. Fund, 995
S.W.2d at 336–37; Subsequent Injury Fund,
961 S.W.2d at 675.  The fourth tier is
judicial review of the appeals panel decision. 
Tex. Lab. Code Ann. §
410.251-.308; Tex. Workers’ Comp. Ins. Fund, 995
S.W.2d at 337; Subsequent Injury Fund,
961 S.W.2d at 675.





            [12]  Subchapter F governs judicial review in
general.  See Tex. Lab. Code Ann.
§§ 410.251-.256.  Subchapter G governs
judicial review of compensability issues in particular.  See
id.
§§ 410.301-.308.





            [13]  Conversely, in a bench trial, the court shall
consider the decision of the appeals panel in rendering its judgment.  Tex.
Lab. Code Ann. § 410.304(b); ESIS,
908 S.W.2d at 560 n.4.





            [14]  Although we are not bound by that decision,
it does provide guidance.  See Landry’s Seafood Rest., Inc. v. Waterfront
Cafe, Inc., 49 S.W.3d 544, 549 n.2 (Tex. App.—Austin 2001, pet. dism’d).





            [15]  Northwinds had
high-risk coverage governed by article 5-76.2 of the Texas Insurance Code,
which has since been repealed.  See Northwinds,
69 F.3d at 1305–06.





            [16]  In reaching its conclusion that abatement was
required, the court applied the primary jurisdiction doctrine instead of the
exclusive jurisdiction doctrine because the relevant administrative agencies
had authority to initially determine whether the claims were improperly paid,
but no authority to award damages for tort or breach of contract.  Northwinds, 69 F.3d at 1310–11.  However, while Northwinds supports our decision
that the statutory workers’ compensation process includes judicial review, it
does not support application of the primary jurisdiction doctrine instead of
the exclusive jurisdiction doctrine. 
After Northwinds,
the Texas Supreme Court clarified the primary and exclusive jurisdiction
doctrines, at least under Texas law, and
stated that an agency does have exclusive jurisdiction when the Legislature
grants it the sole authority to make an initial determination in a
dispute.  See Subaru, 84 S.W.3d at 221.





            [17]  Although not addressing the same
jurisdictional issue presented in this case, several other states have
indicated they also regard judicial review as part of their statutory workers’
compensation processes.  See e.g. Everett v. Saif
Corp., 38 P.3d 952, 955 (Or. Ct. App. 2002); Ellingson & Assoc., Inc. v. Keefe, 410 N.W.2d 857, 860 (Minn. Ct. App.
1987); Fleming v. Nat’l Cash Register Co.,
363 P.2d 432, 436 (Kan. 1961).





            [18]  Having concluded the Smith County court has
exclusive jurisdiction, we necessarily reject application of the dominant
jurisdiction doctrine because the Harris County court is
not a proper forum.  See Wyatt, 760 S.W.2d at 248. 
Further, the Harris and Smith County suits do
not involve the same parties as required for dominant jurisdiction to apply;
the carrier is a party to the Smith County suit, but
not the Harris County suit.  See Clawson
v. Millard, 934 S.W.2d 899, 900 (Tex. App.—Houston [1st Dist.] 1996, orig.
proceeding) (citing Curtis v. Gibbs,
511 S.W.2d 263, 267 (Tex. 1974)).





            [19]  Further, dismissal is inappropriate because
the Gaonas have asserted an exemplary damages claim
against Tyler, as well
as claims against third parties.  See Tex.
Lab. Code Ann. § 408.001(b) (exempting from the exclusive remedy
provision recovery of exemplary damages for an employee’s death caused by the
employer’s gross negligence or intentional act); Frias v. Atl. Richfield Co., 999 S.W.2d 97,
103 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (stating Act does not
prohibit an action for exemplary damages based upon an employer’s gross
negligence or intentional tort).





            [20]  Although a carrier must pay benefits during
judicial review if an appeals panel finds an injury is compensable, it may
later be reimbursed if the finding is overturned.  Tex.
Lab. Code Ann. § 410.209 (Vernon Supp.
2003); See Lopez, 11 S.W.3d at 495. 
Conversely, if an appeals panel finds that an injury is not compensable,
the carrier need not pay benefits during judicial review.  See Lopez, 11 S.W.3d at 494–95.





            [21]  In Luby’s, we did not apply the jurisdictional and statutory
exceptions to the general rule that a party has an adequate remedy by appeal of
denial of a motion to abate; rather, we found Luby’s
had no adequate remedy by appeal for these practical reasons.  Luby’s, 979 S.W.2d at 816–17.  However, we later stated that “Luby’s will forever lose the benefit of its bargain” under
the Act if forced to trial, then the Commission subsequently decides the
employee’s injury is compensable, noting that result would “nullify the very
purpose” of the Act.  See id at 817.  Therefore, our decision to apply the
jurisdictional and statutory exceptions in this case is consistent with our
reasoning in Luby’s.





            [22]  During submission, the Gaonas
discussed the potential risk that an employee’s negligence suit against an
employer could be barred by the statute of limitations if the employee must wait
to file suit until the course and scope issue is finally determined by the
workers’ compensation process.  However,
we do not address any potential statute of limitations concerns because the Gaonas have already filed suit; we require abatement of the
proceedings, and not their dismissal, until the workers’ compensation process,
including judicial review, finally determines whether Reynaldo’s death occurred
in the course and scope of his employment.





            [23]  Although Tyler did not
initiate abatement of the Smith County suit, it
stated in a motion for continuance “trial at this time is premature since the Harris County litigation
has not been resolved by trial.”